UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RONEY HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 13-30015-MGM |
| v. | * | |
| | * | |
| PHH MORTGAGE CORPORATION, | * | |
| | * | |
| Defendant., | * | |

MEMORANDUM AND ORDER RE: REPORT AND
RECOMMENDATION
(Dkt. Nos. 96, 114, and 135)

June 14, 2016

MASTROIANNI, U.S.D.J.

United States Bankruptcy Judge Henry J. Boroff has recommended that the court allow the motion for summary judgment filed by PHH Mortgage Corporation ("PHH") and deny Plaintiff's motion for summary judgment. (Dkt. No. 135.) Specifically, Judge Boroff concluded that PHH's actions following the closure of Plaintiff's underlying bankruptcy case—namely, filing a quiet title action and sending a foreclosure notice—did not violate sections 362(a) ("automatic stay"), 522(c) (prohibition against collection of certain claims against exempt property), and 524(a)(2) ("discharge injunction") of the Bankruptcy Code. The court notified Plaintiff that, if he had an objection to the Report and Recommendation, it would have to be filed within fourteen days of its receipt. No objection has been filed.

As Judge Boroff cogently explained, Plaintiff's entire theory of liability is predicated on "a profound misunderstanding (or mischaracterization) of the legal effect of the 2010 Judgment (and the related order denying PHH's motion for Relief from Stay)" in the underlying bankruptcy case.

(Dkt. No. 135, at 12.) In particular, contrary to Plaintiff's assertions, the 2010 Judgment did not rule that the mortgage was unperfected, void, or invalid, or that the note was unsecured or discharged in its entirely through the bankruptcy case. (*Id.*) "Rather, the judgment stated *only* that, as of the date of the commencement of the Bankruptcy Case, PHH 'did not hold a valid and perfected mortgage against the Property.'" (*Id.*) This did not mean that PHH or another entity was forever barred from attempting to exercise at an appropriate time its *in rem* rights which, unlike *in personam* liability, survive the bankruptcy. (*Id.* at 13-15.) Accordingly, the quiet title action, an *in rem* proceeding which sought an assignment of the mortgage from the holder at the time, did not violate section 524. (*Id.* at 15-16.) Moreover, although somewhat of a closer question, the court also agrees with Judge Boroff that the foreclosure notice—which did not demand payment on the Note or seek to hold Plaintiff personally liable but, rather, simply purported to notify Plaintiff of an impending exercise of an *in rem* right against the property—was not objectively coercive or harassing and, thus, did not violate section 524. (*Id.* at 17-18 (citing *In re Best*, 540 B.R. 1, 10 (1st Cir. BAP 2015); *In re Jackson*, 545 B.R. 62, 70 (Bankr. D. Mass. 2016); *Bibolotti v. Am. Home Mort. Servicing, Inc.*, 2013 WL 2147949, at *10 (E.D. Tex. 2013); *In re Brown*, 481 B.R. 351, 354 n.3 (Bankr. W.D. Pa. 2012)).)[1] Finally, the remaining sections of the Bankruptcy Code are inapposite: section 522(c) does not apply to "a debt secured by a lien," unless the debt is avoided or declared void during the bankruptcy proceeding (which did not occur); and the automatic stay codified in section 362(a) terminated when the underlying bankruptcy case closed on July 22, 2011, before PHH took any action in attempting to foreclose on the property.

---

[1] As Judge Boroff explained: "The fact that PHH was not actually the holder of the Mortgage at the time the Foreclosure Notice was sent rendered PHH's actions foolhardy at best (since, under Massachusetts law, a subsequent foreclosure would have been invalid . . . ). But PHH's lack of standing does not change the fact that, objectively read, the Foreclosure Notice does not demand [Plaintiff's] payment on the Note." (Dkt. No. 135, at 18 (citation omitted).)

Accordingly, based upon the thorough and convincing analysis presented in the Report and Recommendation, and noting there are no objections, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 135.) Based upon this, the summary judgment motion filed by PHH (Dkt. No. 114) is hereby ALLOWED, and Plaintiff's motion for summary judgment (Dkt. No. 96) is hereby DENIED. The clerk shall enter judgment for Defendants, and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge